UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY HALL,

                            Plaintiff,

-against-

THE CITY OF ROCHESTER, JEFFREY MIRT, CHELSEA DAVIS, JESUS GARCIA-SIERRA, LUIS RIVERA-SERRANO, JOHN DOES 1-3.

                            Defendants.

**ANSWER**
**Case No.: 25-cv-06426**
**Jury Demand**

       The City of Rochester, a Municipality, and Jeffrey Mirt, Chelsea Davis, Jesus Garcia-Sierra, Luis Rivera-Serrano Defendants") by their attorneys Patrick Beath, Esq., John M. Campolieto, Esq, *of Counsel*, Answer the Complaint as follows:

       1.     City Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 1, 5, 8, 17, 18, 20, 24, 29, 32, 33, 34, 36, 75, 76 and 77.

       2.     City Defendants deny paragraphs 4, 10, 14, 16, 19, 21, 22, 23, 25, 26, 27, 28, 30, 31, 35, 37, 38, 39, 40, 41, 42, 43, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, (SECOND paragraph 42-54, as Plaintiff's original numbering goes to 54 and starts again at 41), 55, 56, 57, (59-64), (66-74) and 78.

       3.     City Defendants deny paragraphs 2, 3 and 6 of the Complaint, except admits that the City of Rochester is a municipal corporation located in the State of New York.

       4.     The City of Rochester admits as much of paragraph (7) which states that is authorized by law to maintain a police department which acts as its agent in the area of

1

law enforcement, and states that the remainder of the paragraph is legal conclusions for which it denies the remainder of the paragraph.

5. Paragraph 9, 11-12, 15 and 16 contain legal conclusions and, as such, does not require a response but if such response is required they are denied.

6. City Defendants admits paragraph 13 as it pertains to the timeliness of the Notice of Claim but denies the remainder of the paragraph

7. As to Paragraph 36, (SECOND paragraph 41 as Plaintiff's numbering goes to 54 and starts again at 41), 58 and 65 the City Defendants deny the paragraph as reiterate their answers to the preceding original numbered paragraphs.

8. City Defendants deny any and all other allegations in the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

9. The Complaint fails to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

10. Any use of force allegedly used by any City Defendant was objectively reasonable and justified under New York State and Federal Law.

**THIRD AFFIRMATIVE DEFENSE**

11. The acts or omissions of any City Defendant, Rochester Police Officers, including the individual officers, were not the proximate cause of any of the injuries about which Plaintiff complains.

**FIFTH AFFIRMATIVE DEFENSE**

12. The injuries and damages alleged in the Complaint were caused by a Third Party or Plaintiff's own acts, conduct, or omissions to act, which were negligent, reckless, wrongful, intentional or otherwise culpable. Should any damages ultimately be awarded in this matter, they shall be diminished in proportion to Plaintiff's culpable conduct.

**SIXTH AFFIRMATIVE DEFENSE**

13. Any force, allegedly used, did not rise to the level of a constitutional violation and was reasonable and necessary under the circumstances.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

14. Defendant has admitted sole liability for his conduct and the injuries sustained by plaintiff by way of a guilty plea before the Hon. Thomas E. Moran, New York State Supreme Court Justice on or about March 3, 2025, to the charge of assault in the second degree in violation of NY Penal Law Section 120.05 (3) for the conduct alleged in the complaint.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

15. Defendant failed to appear for an examination of his claim against the City of Rochester as required by General Municipal Law § 50-h. All claims brought pursuant to State Law must be dismissed for failure to comply with Section 50-h of the General Municipal law.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

16. Defendant's counter-claims are barred by documentary evidence.

AS AND FOR A TENTH AFFIRMATIVE DEFENSE

17. Defendant's counter-claims are barred by the doctrine of unclean hands.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

18. Defendant's counter-claims are barred in whole or in part by the doctrines of waiver, laches and estoppel.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

19. Defendant may have failed to mitigate damages, if any.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

20. The Defendants, are entitled to qualified immunity from suit based upon the objective reasonableness of his actions. The Defendants are entitled to qualified immunity from suit as there was no established law at the time of the subject incident a reasonable officer would be aware of which would indicate the actions of the Plaintiff Counter-claim Defendant's actions were constitutionally prohibited. The plaintiff, counter-claim defendant is entitled to qualified immunity from suit as no reasonable officer in the position of the plaintiff, counter-claim defendant, would believe the actions taken were constitutionally prohibited.

## FOURTEENTH AFFIRMATIVE DEFENSE

21. The City of Rochester and employees properly exercised professional judgment, and are therefore entitled to good faith immunity and discretionary immunity from suit.

## FIFTEENTH AFFIRMATIVE DEFENSE

22. City Defendants did not violate any clearly established federal right of which a reasonable officer would have known, and are therefore entitled to qualified immunity.

## SIXTEENTH AFFIRMATIVE DEFENSE

23. The Complaint fails to sufficiently allege facts that any of the Defendants

acted maliciously, wantonly, or in a manner which manifested a gross deviation from the standard of conduct which a reasonable person would follow, and therefore, the Complaint has failed to allege facts upon which an award of punitive damages, if requested, could be granted as a matter of law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

24. All conduct by the City of Rochester and by its individual police officers, employees, agents, or representatives was justified under the circumstances herein; was privileged conduct in the performance of Defendants' police function; was supported by probable cause; and was reasonably necessary to the performance of its duties and in accordance with the requirements of law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

25. None of the acts of any City Defendant were taken in consideration of or as a result of Plaintiff's exercise, of in violation, of any of his Constitutional rights.

### NINETEENTH AFFIRMATIVE DEFENSE

26. The City of Rochester did not authorize, condone, permit, or ratify any allegedly improper or malicious conduct on the part of any person or adopt any policy condoning such conduct.

### TWENTIETH AFFIRMATIVE DEFENSE
### DEFENDANTS STATE:

27. That the City of Rochester did not authorize, condone, permit or ratify any allegedly, improper or malicious conduct on the part of any person or adopt any policy condoning such conduct.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
## DEFENDANTS STATE:

28. Plaintiff's arrest and prosecution were at all times supported by probable cause.

**WHEREFORE**, Defendants demand judgment dismissing the Amended Complaint, together with the costs and disbursements of this action, and such other and further relief as may be just and proper.

Dated: August 28, 2025              PATRICK BEATH, Corporation Counsel

/s/ John M. Campolieto
_____
BY: John M. Campolieto, Esq., *of Counsel*
Attorneys for Defendants
City Hall Room 400A, 30 Church Street
Rochester, New York 14614
(585) 428-7410

To:    All Counsel of Record, via ECF