UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY HALL,

      Plaintiff,

      v.

THE CITY OF ROCHESTER, *et al.*,

      Defendant.

25-CV-6426-MAV
**DECISION & ORDER**

---

## INTRODUCTION

On August 20, 2025, Defendants collectively filed a notice of removal from the New York State Supreme Court, County of Monroe. ECF No. 1; *see* 28 U.S.C. § 1441. Before the Court is Plaintiff's timely motion to remand, alleging procedural defects in the notice of removal. ECF No. 3, 10. Defendants oppose. ECF Nos. 9. 13. For the reasons that follow, Plaintiff's motion is granted, and this action shall be remanded to state court.

## BACKGROUND

On April 24, 2025, a named Defendant in this federal action, Rochester Police Department ("RPD") Officer Jeffrey Mirt, brought a civil action ("Action 1") against Plaintiff Anthony Hall in the New York State Supreme Court, County of Monroe, alleging injuries the officer suffered as a result of Hall's alleged noncompliance with his arrest on January 2, 2025. ECF No. 3-1 at 3.[1] Hall responded on June 9, 2025, by

---

[1] Citations to page numbers are to those generated by the CM/ECF system.

filing an answer that asserted counterclaims for excessive force, assault, and battery by Mirt. *Id*. On July 3, 2025, Defendant City of Rochester entered a Notice of Appearance in Action 1 and answered on Mirt's behalf, asserting that the City is the "real party in interest for the counterclaims." *Id*. On July 22, 2025, Plaintiff commenced an action ("Action 2") against the City of Rochester and RPD Officers Jeffrey Mirt, Chelsea Davis, Jesus Garcia-Sierra, Luis Rivera-Serrano, and "John Doe Police Officers 1-3" in the New York State Supreme Court, County of Monroe. *Id*. As Plaintiff alleges, Hall's claims in Action 2 (brought against Defendant City as well as individual officers, including Mirt) mirror the causes of action raised in his answer and counterclaims to Action 1 (brought by Mirt against Hall, with the Defendant City of Rochester entering to defend the counterclaims against Mirt). *Id*. at 4. Plaintiff alleges that, while Action 2 also includes other RPD officers as defendants, the factual and legal allegations are identical to those at issue in Action 1. *Id*.

On August 12, 2025—eight days prior to the filing of Defendants' notice of removal—Hall filed a motion to consolidate Action 1 with Action 2 on the bases that (a) they concern the same incident, (b) have significant overlapping legal claims, (c) are both "pre-RJI," (d) there would be no prejudice to any party, and (e) it serves the interests of judicial economy. *Id*. Both actions of which Hall seeks consolidation in state court allege that on January 2, 2025, RPD Officers Jeffrey Mirt, Chelsea Davis, Jesus Garcia-Sierra, Luis Rivera-Serrano, and John Does Nos. 1-3 first spoke with Hall before attempting to effectuate an arrest for trespass, and that in the course of that arrest, officers used physical force against Hall, resulting in injuries to him. *Id*.

2

In both actions, Hall asserts that any injury to Mirt's hand was caused by Mirt punching Hall repeatedly in the head without justification. *Id.* Hall's motion to consolidate was docketed in Action 1 in state court and served on counsel for Defendants in Action 2.

Defendants noticed removal of only Action 2 to federal court, ECF No. 1, and their notice did not reference or include, *inter alia*, anything pertaining to the pending motion to consolidate Action 1 and Action 2 in state court, *see id.*

## LEGAL STANDARD

28 U.S.C. § 1447(c) authorizes federal courts to remand a case "on the basis of any defect in removal procedure" or because "the district court lacks subject matter jurisdiction." *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994). On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper. *Sandhu v. Citibank, N.A.*, 758 F. Supp. 3d 162, 164 (W.D.N.Y. 2024) (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) ("[T]he burden falls squarely upon the removing party to establish its right to a federal forum by competent proof." (citation omitted))); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."). Thus, the removing party must demonstrate "compliance with the statutory requirements." *Commonwealth Advisors Inc. v. Wells Fargo Bank, Nat'l Ass'n*, No. 15-CV-7834 (JMF), 2016 WL 3542462, at *2 (S.D.N.Y. June 23, 2016) (quotation omitted); *see* 28 U.S.C. § 1446(a).

3

28 U.S.C. § 1446 and Local Rule of Civil Procedure 81 set forth procedural requirements for noticing removal to the Western District of New York. "There is nothing in the removal statute that suggests that a district court has discretion to overlook or excuse prescribed procedures." *Commonwealth Advisors Inc.*, 2016 WL 3542462, at *2.; *see L.Y.E. Diamonds Ltd. v. Gemological Inst. of Am. Inc.*, No. 16-CV-3766 (VSB), 2017 WL 1207839, at *3 (S.D.N.Y. Mar. 31, 2017). "This Court must 'construe the removal statute narrowly, resolving any doubts against removability.'" *Bagnato v. The Home Depot*, No. 03-CV-0789E(SC), 2004 WL 625270, at *1 (W.D.N.Y. Jan. 15, 2004) (quoting *Somlyo v. J. Lu–Rob Enters.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991)); *see Leslie v. BancTex Serv. Corp.*, 928 F. Supp. 341, 347 (S.D.N.Y. 1996) ("all doubts should be resolved in favor of remand"). Inadvertent noncompliance with the procedural requirements for removal is not a reasonable defense to a motion for remand. *See, e.g., Polito v. Hanover Ins. Grp., Inc.*, No. 18-CV-6332 CJS, 2018 WL 3598873, at *5–6 (W.D.N.Y. July 27, 2018); *Catalina Corp. v. Pauma Band of Luiseno Indians*, No. 10cv1404–WQH–BLM, 2010 WL 4024895 (S.D. Cal. Oct. 12, 2010).

## DISCUSSION

Plaintiff primarily argues that remand is warranted due to the pending motion to consolidate in state court, *i.e.*, because Defendants' notice of removal is procedurally deficient for failure to include the motion to consolidate, and more broadly to further principles of judicial economy in avoiding potentially inconsistent rulings across forums—Action 1 remaining in state court and Action 2 being removed to federal court—when both cases "arise from the same exact incident" and where

4

Hall's counterclaims in Action 1 "mirror the claims" in Action 2. ECF No. 3-1 at 2–3. Plaintiff also argues that Defendants' notice of removal is further procedurally deficient for failure to append affidavits of service and an index. *See id.* at 3; ECF No. 10 at 2.

Defendants argue that this Court has original subject matter jurisdiction over Action 2 and that omission of the motion for consolidation and affidavits of service was "a good faith error." ECF No. 9-4 at 3, 8; *see* ECF No. 13.

28 U.S.C. § 1446 required Defendants to attach to their notice of removal "all process, pleadings, and orders served upon such defendant or defendants in such action," 28 U.S.C. § 1446(a), and Rule 81 of the Local Rules of Civil Procedure further required Defendants to file with the Clerk of this Court, *inter alia*, a

> notice of removal with the following attachments:
>
> (A) an index identifying each document filed and/or served in the state court action; and
>
> (B) each document filed and/or served in the state court action, individually tabbed and arranged in chronological order, except that, consistent with Fed. R. Civ. P. 5(d)(1) and Loc. R. Civ. P. 5.2(f), discovery materials shall be filed on in *pro se* cases.

Loc. R. Civ. P. 81(a)(3).

It is undisputed that Hall's motion to consolidate Action 1 and Action 2 in state court was served on counsel for Defendants in Action 2 eight days prior to Defendants' notice of removal to federal court. The motion to consolidate was not attached to Defendants' notice of removal despite it having been served on Defendants, nor were affidavits of service that had been filed in the state court action, and the required

index was missing. *See* 28 U.S.C. § 1446(a); Loc. R. Civ. P. 81(a)(3). Defendants' notice of removal is, thus, procedurally deficient, and remand is warranted. *See* 28 U.S.C. § 1447(c); *Bagnato*, 2004 WL 625270, at *1 ("The Bagnatos contend that Beaulieu's Notice of Removal is deficient because it failed to disclose the pending motion to consolidate and First and Second Actions. This Court agrees."); *see also Neubeck v. All. Am. Ins. Co.*, 651 F. Supp. 3d 646, 652 (W.D.N.Y. 2023) (rejecting defendants' arguments that their failure to include a copy of a motion for summary judgment pending in state court was "at most[ ] a procedural and ministerial transgression[ ] and therefore not appropriate grounds for remand," stating "But Courts in this district have remanded cases when a notice of removal violated Local Rule 81." (collecting cases) (alterations in original)).

## CONCLUSION

For the foregoing reasons, this matter is remanded to the New York State Supreme Court, County of Monroe. Plaintiff's original motion for remand did not request attorney's fees and costs associated with bringing the motion, ECF No. 3-1 at 8; therefore, the Court in its discretion denies his later request for such relief appearing for the first time in Plaintiff's reply brief, ECF No. 10 at 10.

## ORDER

IT HEREBY IS ORDERED that Plaintiff's motion for remand, ECF No. 3, is GRANTED, and the Clerk of Court is directed to remand this action to the New York State Supreme Court, County of Monroe.

SO ORDERED.

Dated:        March 31, 2026
              Rochester, New York


                                    _____
                                    HON. MEREDITH A. VACCA
                                    UNITED STATES DISTRICT JUDGE